United States District Court
Southern District of Texas
**ENTERED**
November 20, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID HAYMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-307 |
| | § | |
| C GARCIA, *et al*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff David Hayman is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. He is currently serving a twenty-five year sentence entered on February 29, 2008 for an aggravated sexual assault conviction out of Wichita County, Texas. The facts giving rise to Plaintiff's claims in this case occurred in connection with Plaintiff's current assignment to the McConnell Unit.

Plaintiff primarily complains about McConnell Unit officials taking from his possession several religious items related to his Native American faith. Plaintiff named the following McConnell Unit prison officials as defendants in his original complaint: (1) Lieutenant C. Garcia; (2) Assistant Warden Corey Furr; (3) Officer Medardo Villarreal; (4) Disciplinary Hearing Officer (DHO) Christopher Pauly; and (5) Officer Ms. Cordova. (D.E. 1, p. 3). Plaintiff seeks injunctive relief in the form of return of all religious items unlawfully seized. (D.E. 1, p. 4).

A *Spears*[2] hearing was conducted on October 25, 2017. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):

Plaintiff is of Choctaw Indian descent and has been practicing his Native American faith since 2012. Plaintiff has formally designated his religious preference with the TDCJ-CID as Native American.

According to Plaintiff, numerous cats live in and around the McConnell Unit. While cats are not allowed inside the prison, a number of cats have managed to enter the McConnell Unit premises. On April 7, 2017, Officer Villareal informed Plaintiff to move into a cell which had cats living in it. Plaintiff explained to the officer, however, that he was allergic to cats. Officer Villareal told Plaintiff that, if he were Plaintiff, he would not want Officer Villareal to pack his personal property for the move. Plaintiff proceeded instead to pack his own belongings for the move.

As part of Plaintiff's movement to another cell, Plaintiff was required to turn his property in to a TDCJ official. Lieutenant Garcia is the head of the building where Plaintiff's personal property was taken. Officer Cordova, who works at the head desk of the building, was responsible for searching Plaintiff's personal property and moving it into another bag. When Plaintiff's personal property was later returned to him, he was given a property inventory to sign. Plaintiff alleges he was pressured to sign the inventory which verified that all his personal property had been returned to him. Plaintiff further alleges he

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

signed the inventory without having sufficient time to ensure whether all of his belongings were in his possession.

Plaintiff later discovered that several religious items of his Native American faith were missing. Plaintiff lists the missing items as follows: sacred medicine box, sacred medicine bag, headband, smudge bowl, sacred prayer feather, seven sacred stones, animal blessing card, medicine wheel, and dream catcher. Plaintiff believes that Officer Cordova was responsible for the loss of his religious items.[3]

Plaintiff testified at the *Spears* hearing that, when Plaintiff brought the issue of his missing items to the attention of prison officials, he was told that his religious items were not in fact missing as he had received them back. Plaintiff discussed the matter involving the missing religious items with Assistant Warden Furr, who reportedly told Plaintiff not to complain or it could get worse. A disciplinary case was brought against Plaintiff on April 10, 2017 for refusing to be housed in a cell. According to Plaintiff, DHO Pauly applied the disciplinary rules arbitrarily and capriciously. Plaintiff was sanctioned with fifteen days of no recreation and forty-five days of unspecified restrictions. DHO Pauly did not provide any response to Plaintiff's complaints during the hearing about the missing religious items.

Plaintiff filed a Step 1 grievance, complaining that several religious items were missing from his personal property. Assistant Warden Furr answered the grievance, denying any relief. (D.E. 1, p. 7). Plaintiff filed a Step 2 grievance, in which the reviewing officer found that Plaintiff's complaints had been addressed at the Step 1 level. (D.E. 1, p. 9). The Step 2 reviewing officer further noted that Plaintiff had signed a form

---

[3] This case does not involve claims Plaintiff was prohibited from possessing the religious items due to a TDCJ policy. Rather, the case involves Plaintiff's claims that TDCJ lost or otherwise misplaced his religious items.

4 / 12

acknowledging that the personal property he had received was correct. (D.E. 1, p. 9). Plaintiff acknowledged at the *Spears* hearing that he has not filed a lawsuit in state court challenging the taking of his personal property.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not

dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV. DISCUSSION

### A. Claims against Assistant Warden Furr and Lieutenant Garcia

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

Plaintiff testified at the *Spears* hearing that Lieutenant Garcia is the head of the building where Plaintiff's personal property was taken. Plaintiff, however, fails to allege any facts to suggest that this supervisory defendant had any personal involvement in taking his religious items or otherwise implemented any unconstitutional policies causing injury to Plaintiff.

Plaintiff's allegations against Assistant Warden Furr suggest only that he had knowledge of the misconduct allegedly committed by other officials in taking his religious items. Plaintiff alleges no specific facts to indicate that Assistant Warden Furr, in his role as a supervisory official, either was complicit or otherwise approved of the alleged misconduct

against Plaintiff. Furthermore, Assistant Warden Furr's response to Plaintiff's Step 1 administrative grievance is not actionable conduct under § 1983. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (holding that, because inmates have no constitutionally protected liberty interest in having grievances resolved to their satisfaction, there is no due process violation when prison officials fail to do so); *Bonneville v. Basse*, No. 2:12-CV-0200, 2012 WL 4854721, at *3 (N.D. Tex. Sep. 21, 2012) (concluding that a prison official's denial of prisoner's Step 1 grievances fails to state a due process claim because there is no "federally-protected right to have his grievances investigated and resolved").

Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants Garcia and Furr in their individual capacities be dismissed with prejudice.

### B. Due Process Claim (Deprivation of Religious Items)

Plaintiff claims that prison officials took his religious items and did not return them. Plaintiff's allegations implicate Officer Cordova as responsible because she had searched Plaintiff's personal property in connection with his move to another cell. Plaintiff also believes Officer Villareal was involved in the taking of his religious items because Officer Villareal had cautioned Plaintiff about having Officer Villareal pack his personal property for the move.

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984);

*Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).  A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Texas law provides Plaintiff with available post-deprivation remedies.  Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization.  *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).  In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property.  *See* Tex. Gov't Code § 501.007.

Because Texas law provides adequate post-deprivation remedies, Plaintiff's loss of his religious items does not state a violation of the Due Process Clause.  *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy).  An inmate may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim.  *See Thompson*, 709 F.2d at 383 n.3.  The burden is on the inmate to show that the post-deprivation remedy is inadequate.  *Myers*, 97 F.3d at 94.

Plaintiff testified at the *Spears* hearing that he has not filed suit in state court pursuant to § 501.007 or for conversion.  Plaintiff cannot allege that the post-deprivation

remedies available to him are inadequate due to the fact he has yet to pursue his available state court remedies. Because Plaintiff's claim for property loss based on the taking of his religious items fails to state a cognizable constitutional claim, the undersigned respectfully recommends that the claim regarding his missing property be dismissed.

### C. Due Process Claim (Disciplinary Hearing)

Plaintiff alleges that a disciplinary case was brought against him and that DHO Pauly applied the disciplinary rules arbitrarily and capriciously. According to Plaintiff, DHO Pauly sanctioned Plaintiff with fifteen days of no recreation and forty-five days of unspecified restrictions.

To the extent Plaintiff's allegation may be construed as challenging the constitutionality of his disciplinary case, such claim is barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486-87.

The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted . . . .'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary

proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Plaintiff's disciplinary case was neither overturned by direct appeal nor set aside in a habeas corpus proceeding. Because Plaintiff has not successfully had the disciplinary decision set aside, he cannot seek relief against DHO Pauly. Thus, it is respectfully recommended that Plaintiff's due process claim regarding his disciplinary hearing be dismissed.

## V. CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against any one of the named Defendants, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 17th day of November, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).