**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| DAVID HAYMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-307 |
| | § | |
| C GARCIA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The Court considers the Magistrate Judge's November 17, 2017, Memorandum and Recommendation ("M&R"), Dkt. No. 10, and Plaintiff's objections to the M&R, Dkt. No. 11. For the reasons below, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the M&R and **RECOMMITS** this case to the Magistrate Judge on Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims against Defendants Medardo Villarreal ("Villarreal") and Officer Ms. Cordova ("Cordova") in their official capacities for injunctive relief.

### I.  Background

The Court adopts the Magistrate Judge's description of the facts of the case:

> Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. He is currently serving a twenty-five year sentence entered on February 29, 2008 for an aggravated sexual assault conviction out of Wichita County, Texas. The facts giving rise to Plaintiff's claims in this case occurred in connection with Plaintiff's current assignment to the McConnell Unit.

> Plaintiff primarily complains about McConnell Unit officials taking from his possession several religious items related to his Native American faith. Plaintiff named the following McConnell Unit prison officials as defendants in his original complaint: (1) Lieutenant C. Garcia [("Garcia")]; (2) Assistant Warden Corey Furr [("Furr")]; (3)

Officer Medardo Villarreal; (4) Disciplinary Hearing Officer (DHO) Christopher Pauly [("Pauly")]; and (5) Officer Ms. Cordova. (D.E. 1, p. 3). Plaintiff seeks injunctive relief in the form of return of all religious items unlawfully seized. (D.E. 1, p. 4).

A *Spears*[1] hearing was conducted on October 25, 2017. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1):

Plaintiff is of Choctaw Indian descent and has been practicing his Native American faith since 2012. Plaintiff has formally designated his religious preference with the TDCJ-CID as Native American.

According to Plaintiff, numerous cats live in and around the McConnell Unit. While cats are not allowed inside the prison, a number of cats have managed to enter the McConnell Unit premises. On April 7, 2017, Officer Villar[r]eal informed Plaintiff to move into a cell which had cats living in it. Plaintiff explained to the officer, however, that he was allergic to cats. Officer Villar[r]eal told Plaintiff that, if he were Plaintiff, he would not want Officer Villar[r]eal to pack his personal property for the move. Plaintiff proceeded instead to pack his own belongings for the move.

As part of Plaintiff's movement to another cell, Plaintiff was required to turn his property in to a TDCJ official. Lieutenant Garcia is the head of the building where Plaintiff's personal property was taken. Officer Cordova, who works at the head desk of the building, was responsible for searching Plaintiff's personal property and moving it into another bag. When Plaintiff's personal property was later returned to him, he was given a property inventory to sign. Plaintiff alleges he was pressured to sign the inventory which verified that all his personal property had been returned to him. Plaintiff further alleges he signed the inventory without having sufficient time to ensure whether all of his belongings were in his possession.

Plaintiff later discovered that several religious items of his Native American faith were missing. Plaintiff lists the missing items as follows: sacred medicine box, sacred medicine bag, headband, smudge bowl, sacred prayer feather, seven sacred stones, animal

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

blessing card, medicine wheel, and dream catcher. Plaintiff believes that Officer Cordova was responsible for the loss of his religious items.[2]

Plaintiff testified at the *Spears* hearing that, when Plaintiff brought the issue of his missing items to the attention of prison officials, he was told that his religious items were not in facts missing as he had received them back. Plaintiff discussed the matter involving the missing religious items with Assistant Warden Furr, who reportedly told Plaintiff not to complain or it could get worse. A disciplinary case was brought against Plaintiff on April 10, 2017 for refusing to be housed in a cell. According to Plaintiff, DHO Pauly applied the disciplinary rules arbitrarily and capriciously. Plaintiff was sanctioned with fifteen days of no recreation and forty-five days of unspecified restrictions. DHO Pauly did not provide any response to Plaintiff's complaints during the hearing about the missing religious items.

Plaintiff filed a Step 1 grievance, complaining that several religious items were missing from his personal property. Assistant Warden Furr answered the grievance, denying any relief. (D.E. 1, p. 7). Plaintiff filed a Step 2 grievance, in which the reviewing officer found that Plaintiff's complaints had been addressed at the Step 1 level. (D.E. 1, p. 9). The Step 2 reviewing officer further noted that Plaintiff had signed a form acknowledging that the personal property he had received was correct. (D.E. 1, p. 9). Plaintiff acknowledged at the *Spears* hearing that he has not filed a lawsuit in state court challenging the taking of his personal property.

Dkt. No. 10 at 2-5.

## II.     Discussion

The Magistrate Judge evaluates Plaintiff's claims under 42 U.S.C. §1983 and concludes that they should be dismissed for failure to state a claim. After independently reviewing the record and applicable law, the Court agrees with and adopts the M&R insofar as it recommends that Plaintiff's § 1983 claims be dismissed under the Prison Litigation Reform Act for failure to state claim. *See* 28 U.S.C. § 1915A(b)(1).

---

[2] This case does not involve claims Plaintiff was prohibited from possessing the religious items due to a TDCJ policy. Rather, the case involves Plaintiff's claims that TDCJ lost or otherwise misplaced his religious items.

But Plaintiff also argues in his objections to the M&R that he has raised claims under the RLUIPA, 42 U.S.C. § 2000cc et seq. The Magistrate Judge did not consider whether Plaintiff states a claim under the RLUIPA, and the Court now evaluates Plaintiff's RLUIPA claims. For the below reasons, the Court concludes that Plaintiff states RLUIPA claims against Villarreal and Cordova, The Court therefore returns the case to the Magistrate Judge to order service on those Defendants and continue case proceedings.

## A.    Legal Standard

As the Magistrate Judge describes:

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).
　　"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in

support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Dkt. No. 10 at 5-6.

## B. Plaintiff's RLUIPA Claims

The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden both "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute also provides for a cause of action for a RLUIPA violation. 42 U.S.C. § 2000cc-2(a).

Under the RLUIPA, a plaintiff bears the initial burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.' " *Mayfield v. Tex. Dept. of Criminal Justice.*, 529 F.3d 599, 613 (5th Cir. 2008). Religious exercise is substantially burdened if the burden "truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). Once the plaintiff meets his initial burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Mayfield*, 529 F.3d at 613.

Here, Plaintiff has stated a claim under the RLUIPA. As the Magistrate Judge described, Plaintiff has alleged that TDCJ officials unlawfully confiscated his religious items when moving him to another cell. Further, Plaintiff testified at the *Spears* hearing, "I want my Native American items back where I can pray right."

Dkt. No. 13 at 27:16–17. Construed liberally and viewed in the light most favorable to Plaintiff, and without opposing argument by Defendants,[3] Plaintiff has sufficiently alleged that TDCJ officials imposed a substantial burden on his religious exercise when they took his religious items.

However, the Court must identify the specific Defendants against whom Plaintiff has adequately stated RLUIPA violations. Plaintiff alleges that Garcia, Cordova, and Villarreal "threw away [his] sacred items." Dkt. No. 1 at 4. In his *Spears* hearing testimony, Plaintiff identifies Garcia as a building supervisor and does not allege any facts that she was involved in taking Plaintiff's religious items. Dkt. No. 13 at 11:11–20. Garcia will therefore be dismissed as a defendant in this case. The Court will also dismiss Furr and Pauly because, as the Magistrate Judge correctly describes, Furr was the unit supervisor and Pauly was the hearing officer, and Plaintiff's allegations do not plausibly show how they were involved in taking Plaintiff's religious items. Dkt. No. 13 at 11:21–12:2, 22:11-23:15; *See* Dkt. No. 10 at 7–8.

Plaintiff has, however, stated RLUIPA claims against Cordova and Villarreal. At the *Spears* hearing, Plaintiff testified that Villarreal warned him that Plaintiff wouldn't want Villarreal to pack Plaintiff's belongings, which Plaintiff took to imply that Villarreal might ensure that some of Plaintiff's belongings would go missing during the move to his new cell. Dkt. No. 13 at 12:11–13:2. Plaintiff also testified that he alleges that Cordova was responsible for his lost religious items because she was the supervisor in charge of going through Plaintiff's property during the move to his new cell. *Id.* at 25:9–27:1.

Viewed in the light most favorable to Plaintiff, Plaintiff's allegations state RLUIPA claims against Villarreal and Cordova in their official capacities for injunctive relief.[4] *See Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 328–329 (5th Cir. 2009) (concluding "that an action under RLUIPA does not exist for

---

[3] Because the Magistrate Judge recommended that this case be dismissed upon screening under the Prison Litigation Reform Act, Defendants have not yet been served.

[4] Plaintiff requests that his religious items be returned to him. Dkt. No. 1 at 4.

individual-capacity claims). Plaintiff's case therefore survives screening under the Prison Litigation Reform Act.

### III.      Conclusion

Accordingly, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Magistrate Judge's M&R, Dkt. No. 10, **RETAINS** Plaintiff's RLUIPA claims against Villarreal and Cordova, and **DISMISSES** Plaintiff's remaining claims against all Defendants. The Court **DIRECTS** the Clerk to remove Garcia, Furr, and Pauly as defendants in this case.

The Court **RECOMMITS** the above-captioned case to the Magistrate Judge to order service on Villarreal and Cordova and proceed with the case.

SIGNED this 20th day of April, 2018.

Hilda Tagle
Senior United States District Judge